■ ALVIN J. BRIDEAU, Petitioner, v EDWARD M. WHEELER et al., Individually and as Members of the Board of Police Commissioners of the Village of Ossining, Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Police Commissioners of the Village of Ossining, dated November 30, 1982, which, after a *de novo* hearing, found petitioner guilty of using excessive force on a prisoner in custody, and dismissed him from his position as a lieutenant in the village police department. ¶ Petition granted, on the law, with costs, to the extent that the determination insofar as it held that petitioner punched the prisoner and imposed the penalty of dismissal is annulled, petitioner is reinstated with back pay from September 19, 1980, less the amount of compensation which he may have earned in any other employment or occupation and unemployment insurance benefits he may have received during such period and less any penalty imposed in accordance herewith, and the matter is remitted to respondents for the imposition of a new penalty which shall not exceed 30 days' suspension without pay. Petition otherwise dismissed on the merits. ¶ Petitioner was charged with "use of excessive force in holding a prisoner in custody * * * by punching him in the rear seat of police car #107 and by throwing water in [his] face while [he] was locked in a cell in the police lockup". ¶ In this proceeding, petitioner contends that the determination of the board was arbitrary, capricious and not supported by substantial evidence. We agree, in part. Substantial evidence "consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably — probatively and logically" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181). On the record before us, we find no credible evidence of sufficient quality to establish that petitioner punched his prisoner while in the rear seat of police car No. 107 during the two- to three-minute ride from the place of arrest to the police station. However, the record does support the board's finding that petitioner acted improperly when he threw water in the prisoner's face while he was locked in a cell in the police lockup. ¶ In light of this determination, we find the penalty of dismissal " " "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness".' " (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233.) Under the circumstances, the penalty imposed should have been no more than 30 days' suspension without pay. Accordingly, petitioner is reinstated to his position of lieutenant with the Village of

Ossining Police Department with pay, retroactive to the date of his dismissal, September 19, 1980, and the matter is remitted to respondents for imposition of a new penalty, not to exceed 30 days' suspension without pay. Bracken, J. P., Niehoff, Rubin and Eiber, JJ., concur.